UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Margarita Gonzalez,<br><br>                              Plaintiff,<br>     -v-<br><br>Talon Air Inc., and<br>Adam Katz,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Margarita Gonzalez ("Plaintiff," or "Gonzalez"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of the Defendants Talon Air Inc., and Adam Katz (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further alleges pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New

York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff further alleges that Defendants discriminated against her due to her gender/sex in violation of the New York State Human Rights Law ("NYSHRL"), when they terminated Plaintiff's employment with them. As a result of the unlawful and discriminatory/retaliatory termination, Plaintiff seeks all available recovery, including lost income including back pay and reinstatement/front pay, lost benefits, emotional distress, other losses and damages caused, interest, as well as attorney's fees and costs, under the NYSHRL (NY Executive Law 296, 297).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Margarita Gonzalez ("Plaintiff" or "Gonzalez") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

9. Upon information and belief, Defendant Talon Air Inc. ('Talon Air") was a foreign for-profit corporation, incorporated in the State of Delaware and duly authorized to do business in the State of New York.

10. Upon information and belief and at all times relevant herein, the corporate defendant was

owned/controlled/managed by Defendant Adam Katz ("Katz"), who was in charge of the operations and management of Talon Air.

11. Upon information and belief and at all times relevant herein, the corporate Defendant Talon Air Inc. was owned/controlled/managed by Defendant Katz and was his alter ego, and it was Defendant Katz who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants Talon Air Inc., and Adam Katz shared places of business at 7110 Republic Airport, Route 109, Farmingdale, NY 11735 and 8300 Republic Airport, Suite 200, Farmingdale, NY 11735, where Plaintiff was employed.

13. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

14. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were in the business of providing charter flights, and aircraft management and maintenance. See http://www.talonairjets.com/

16. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly employed approximately over 50 employees within New York State.

17. Plaintiff Gonzalez has been employed by Defendants, individually, and/or jointly, as a full-time employee from on or about February 6, 2014 to on or about September 13, 2016.

18. At all times relevant herein, Plaintiff was paid at a regular rate of about $17.19 an hour.

19. At all times relevant herein Plaintiff was employed as an hourly employee of Defendants and

is employed as a linewoman – Plaintiff performs the manual and physical work of cleaning and washing aircrafts among other duties.

20. At all times relevant herein, Plaintiff worked about 44-45 hours a week for Defendants and likely more, 5 days a week but Plaintiff was not paid *any* wages including overtime wages for her overtime hours worked (hours over 40 in a week).

21. At all times relevant herein, Plaintiff was given compensatory time for her some overtime hours worked and was paid for such comp time at her straight regular rate and Plaintiff was not able to use all of her accrued comp time - upon information and belief and at all times relevant herein, Defendants owe Plaintiff for about 40 hours of such unused accrued compensation time which Plaintiff seeks to recover in addition to her remaining overtime wages.

22. At all times relevant herein, Plaintiff worked through her lunch break for most days during her employment with Defendants due to the demands of her job.

23. A more precise statement of the hours and wages will be made when Plaintiff Gonzalez obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

24. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime at rates not less than 1.5 times her regular rate for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

25. At all times relevant herein, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

26. Plaintiff incorporates herein, accurate records of her time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

27. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

4

28. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain Plaintiff's weekly hours worked, among other deficiencies.

29. When Plaintiff was hired by Defendants, she was hired as a line worker by the then line manager Mr. Joe Cornnetta.

30. At all times relevant herein, Defendants employed approximately fifteen (15) or more line workers whose job was to take care of the aircraft after it landed and prepare the aircraft for takeoff – cleaning the aircraft etc.

31. Upon information and belief and at all times relevant herein, and of the 15 or more of Defendants' line workers, Plaintiff was the only female.

32. After about a year after Plaintiff was hired, Mr. Jason D'Antonio replaced Mr. Joe Cornnetta as Plaintiff's line manager and boss.

33. In or around December 2015, Mr. Jason D'Antonio did performance reviews of Defendants' line workers, except Plaintiff.

34. Plaintiff complained to line manager Jason D'Antonio that he did performance reviews of the male line workers who received pay raises as a result but did not give her a performance review and pay raise because she was a woman – line manager Jason D'Antonio was annoyed and ignored Plaintiff's complaint. As such, Plaintiff then complained to Mr. Peter Cipriano – Jason D'Antonio's boss, that she was being discriminated against because she was a woman given that her male coworkers were given performance reviews and pay raises but not her. Mr. Pete told Plaintiff he would investigate, and Plaintiff received a pay raise soon thereafter.

35. After the complaints about discriminatory treatment, Mr. Jason D'Antonio's treatment of Plaintiff became worse. For example, instead of briefing Plaintiff in her capacity as lead line worker, Mr. Jason D'Antonio would brief Plaintiff's co-workers about daily work requirements, plans, etc. and Plaintiff was in the position of hearing of such plans and requirements from the workers. This conduct by Jason D'Antonio towards Plaintiff created a

hostile work environment for Plaintiff and caused her severe emotional distress.

36. In or around January 2016, a male line worker, Mr. Anthony Ferrara, while moving a plane by himself, caused the tail of the plane to crash into a hanger causing damage to the plane and the hanger. This male coworker of Plaintiff was not terminated by Defendants as a result.

37. On several occasions, line manager Jason D'Antonio moved planes by himself but was never terminated by Defendants as a result.

38. A few days before her termination on or about September 13, 2016, Plaintiff was instructed by a pilot to move his plane a short distance and Plaintiff complied.

39. A few days after she was asked to move the plane, Plaintiff was summoned to a meeting by line manager Jason D'Antonio after he received the results of a drug test he had ordered her to take. Although the drug test was negative, Jason D'Antonio told Plaintiff that she was not supposed to move the plane by herself. Plaintiff complained once again that she was being singled out because she is female given that line worker Anthony Ferrara moved the plane by himself and caused serious damage to the plane and hanger but was never asked to take a drug test and was never disciplined. In response, line manger Jason DeAntonio told Plaintiff that they were there to deal with Plaintiff and not line worker Anthony Ferrara. Line manager Jason D'Antonio then told Plaintiff she was fired from her job with Defendants – without warning.

40. After she was terminated by line manager Jason D'Antonio, Plaintiff called Defendant Katz to complain about her discriminatory/retaliatory termination and left a voicemail – Mr. Katz never called back Plaintiff.

41. At all times relevant herein, Plaintiff was qualified for and during her employment with Defendant which lasted over 2 years, performed her job reasonably well.

42. At all times relevant herein and during her employment with Defendants, Plaintiff Gonzalez was subjected to discrimination/retaliation because of her gender/sex and complaints about such discrimination – Defendants discriminatory conduct and treatment of Plaintiff also created a hostile and stressful work environment for Plaintiff during her employment with

6

them because of Plaintiff's gender/sex.

43. Defendants' conduct in subjecting Plaintiff to a hostile work environment and then terminating her for unlawful discriminatory and retaliatory reasons such as complaining about such discrimination and hostility was willful, egregious, wanton and depraved, thus warranting the imposition of punitive damages, and has caused Plaintiff to suffer tremendous mental anguish, pain and suffering, in addition to her other damages.

44. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

45. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

46. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce such as equipment, materials and supplies necessary for the functioning/management of their business – Defendants operated aircraft between New York and other locations outside New York.

47. At all times applicable herein and upon information and belief, Defendants conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

48. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

49. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

50. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period

preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

51. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 50 above as if set forth fully and at length herein.

52. At all times relevant to this action, Plaintiff has been employed by Defendants, individually, and/or jointly, within the meaning of the FLSA.

53. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

54. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

55. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

56. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

57. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 55 above as if set forth fully and at length herein.

58. At all times relevant to this action, Plaintiff has been employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the

8

regulations and wage orders thereunder.

59. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

61. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 60 through 50 above with the same force and effect as if fully set forth at length herein.

62. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

63. At all times relevant to this action, Plaintiff has been employed by Defendants, individually and/or jointly, as a manual worker, laborer or workingwoman, within the meaning of the New York Labor Law § 190 et seq. including § 191 (1)(a) who should have been paid no later than weekly.

64. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including her unpaid overtime wages, and unpaid compensatory time wages, within the time required under NY Labor Law § 190 et seq.

65. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

66. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

### Relief Demanded

67. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, her entire unpaid wages, including her unpaid overtime wages and unpaid compensatory wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages (non-overtime and overtime) paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK HUMAN RIGHTS LAW § 296, 297
**(Sex/gender Discrimination/Retaliation)**

68. Plaintiff repeats and incorporates paragraphs 1 through 50 above as if set forth fully and at length herein.

69. At all times relevant herein, Plaintiff was employed by Defendants within the meaning of New York Human Rights Law § 296.

70. As laid out above, Defendants' termination of Plaintiff's employment constituted unlawful sex/gender discrimination/retaliation under New York Human Rights Law § 296 including Executive Law § 296[1][a] and Executive Law § 296[1][e].

10

## Relief Demanded

71. Due to defendants' New York State Human Rights Law violations including violations of New York Executive Law § 296[1][a] and § 296[1][e], Plaintiff is entitled to recover and seeks to recover herein from Defendants all damages, available under New York State Human Rights Law, including § 297[9], including damages for past and future pain and suffering, emotional distress, back pay and reinstatement/front pay, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

72. Declare Defendants, individually, and/or jointly, to be in violation of the Plaintiff's rights under the NYS Human Rights Law, the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder, and enjoin defendants from any and all further violations;

73. As to her **First Cause of Action**, award Plaintiff her unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

74. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

75. As to her **Third Cause of Action**, award Plaintiff, her entire unpaid wages, including her unpaid overtime wages and unpaid compensatory wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3) and an order enjoining defendants from continuing these violations, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198.

76. As to the **Fourth Cause of Action** (NYSHRL), award Plaintiff all damages available under

    New York State Human Rights Law, including NY Executive Law § 297[9], including damages for past and future pain and suffering, emotional distress, back pay and reinstatement/front pay, liquidated damages, and attorney's fees and costs;

77. Award Plaintiff prejudgment interest on all monies due.

78. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

79. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **August 5, 2018**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com