# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

November 11, 2019

**Via ECF**

Hon. Arthur D. Spatt, USDJ
Hon. Kathleen Tomlinson, USMJ
United States District Court, EDNY
100 Federal Plaza,
Central Islip, NY 11722

>       **Re: Margarita Gonzalez v. Talon Air Inc., and Adam Katz**
>            Case No.  18-CV-4415 (ADS)(AKT)
>            Motion for Settlement Approval

Dear Judge Spatt/Magistrate-Judge Tomlinson

     My firm represents plaintiff Margarita Gonzalez ("Plaintiff" or "Gonzalez") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be filed as soon as Defendants sign – which we expect will be very shortly. Both sides join in urging the Court to approve this settlement as fair and reasonable – Plaintiff writes in support of the motion.

     Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought overtime and termination claims under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

     In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions and exchange of information. Plaintiff was employed by Defendants from on or about February 6, 2014 to on or about September 13, 2016.

The complaint in this action was filed on August 5, 2018. (See ECF No. 1). Assuming for settlement purposes only at this time that Defendants overcome any contrary presumption and the wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be $15.45/hr. and she would be owed about $7.72 per overtime hour - or about $34.74 per week. We therefore have overtime wages claimed of approximately $34.74/wk. x 132wks = $4,585.68 under the NYLL six-year statute of limitations period - $208.44 under the FLSA's two-year statute of limitations period for non-willful violations. Defendants may also be able to avoid the imposition of liquidated damages, including liquidated damages on the manual worker claims.

It is Defendant's position that Plaintiff is not entitled to overtime wages. Defendants also dispute the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegation that she is owed wages. In terms of the termination claim under state law, Defendants claimed that Plaintiff was fired for other reasons and not retaliation/discrimination as Plaintiff contends.

Assuming Plaintiff prevails on her wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Under the settlement Plaintiff will is due to receive $19,320 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-b)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of $9,659 after reimbursement of $1,021 in costs. (Ex. 1 ¶ 2(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman author of *Wolinsky* - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney.").

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

2

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendant disputes the hours worked claimed by Plaintiff and the reasons for her termination. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**