# AGREEMENT AND GENERAL RELEASE

Talon Air, LLC f/k/a Talon Air Inc., and Adam Katz, (collectively hereinafter referred to as "Defendants"), and Margarita Gonzalez ("Gonzalez") desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined to include, but is not limited to, Gonzalez, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Gonzalez personally, she will be referred to as "Ms. Gonzalez."

    b. Plaintiff Gonzalez was employed by Defendant Talon Air Inc. from on or about February 6, 2014 until on or about September 13, 2016.

    c. "Defendants" shall be defined as Talon Air Inc., inclusive of all predecessors and successors, and Adam Katz and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

    d. "Actions" refer to the lawsuits filed by Gonzalez against Defendants on (a) September 27, 2016, in the Supreme Court of the state of New York, County of Kings, Index No. 516962-2016 (the "State Court Action"); and (b) August 5, 2018, in the United States District Court, Eastern District of New York, Case No.: 18-cv-04415 (the "Action").

2. **Consideration**. In consideration for Ms. Gonzalez's signing this Agreement and the releases of all claims asserted or which may have been asserted herein, Defendants agree to pay the total settlement amount of $30,000.00 (the "Settlement Payment"), payable as follows:

    Within thirty (30) business days of the later of (a) the conclusion of plaintiff's 21 day rescission period and any legal or statutory revocation period thereafter, and (b) the Court's approval of this Agreement: (a) a payment to "Margarita Gonzalez" in the amount of Nine Thousand, Six Hundred and Sixty Dollars ($9,660.00), less applicable taxes and withholdings, to be reported on a IRS Form W-2; (b) a payment to "Margarita Gonzalez" in the amount of Nine Thousand, Six Hundred and Sixty Dollars ($9,660.00), representing liquidated and other damages to be reported on a IRS Form 1099-MISC (Box 3); and (c) a check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Ten Thousand Six Hundred and Eighty

1

Dollars ($10,680.00), representing a reduced 1/3 contingency legal fees ($9,659) and costs ($1,021), to be reported on a IRS Form 1099-MISC (Box 14).

The payments to Gonzalez and Abdul Hassan Law Group, PLLC above shall be sent to the office of Plaintiff's counsel Abdul Hassan Law Group, PLLC, located at 215-28 Hillside Avenue, Queens Village, NY 11427.

3. **No Consideration Absent Execution of This Agreement**. Gonzalez understands and agrees she would not receive the Settlement Payment specified in Paragraph 2 above, except for her execution of this Agreement and the dismissal of this Action and the State Court Action.

4. **Stipulations Dismissing the Actions**. Within five (5) days of receipt of the Settlement Payment, counsel for the parties shall, if required, file stipulations or any other required documents dismissing the Action and the State Court Action with prejudice.

5. **General Release of Claims by Defendants**. Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may have against Plaintiff, as of the date of execution of this Agreement.

6. **General Release of Claims by Plaintiff**.

a. In consideration for the Settlement Payment, Gonzalez agrees on behalf of herself and her heirs, assigns and representatives to release Defendants Adam Katz and Talon Air Inc. and, as to Talon Air Inc., all of its affiliates, predecessors and successors, including, but not limited to, Talon Air LLC f/k/a Talon Air Inc., Roxann Management Corp. n/k/a Bracket Management Corp., Roxann Management Co. LLC, Talon Air Investors Inc., Talon Air Maintenance Services LLC, Talon Hangar Services, LLC n/k/a Stratosphere Equities LLC, Stratosphere Development Co. LLC and its/their respective predecessors, successors, affiliates, parent, subsidiaries, members, shareholders (including, but not limited to Adam Katz), employees, officers, directors, representatives, agents, attorneys, individually, collectively and in their official and individual capacities (hereinafter referred to collectively as the "Releasees") from all claims or demands, whether known or unknown, whether matured or unmatured, which Gonzalez may have, arising out of any acts or omissions occurring prior to execution of this Agreement, whether Gonzalez knows about said claims, including, but not limited to all claims arising out of or relating to Gonzalez's employment with Talon Air Inc. and/or which were asserted or may have been asserted in the Actions. Gonzalez understands that this Agreement is a full, final and complete settlement and release of all claims, including but not limited to and by way of example, any claims or rights Gonzalez may have for breach of contract, wrongful discharge, discrimination, harassment, unpaid wages bonuses, or commissions, misrepresentation, defamation, retaliation, promissory estoppel, violation of privacy, breach of covenant of good faith and fair dealing, for claims under the Employment Retirement Income Security Act of 1974, the Fair Labor Standards Act, 29 U.S.C. § 201, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Older Workers Benefits Protection Act, the

National Labor Relations Act, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the New York State Executive Law (including its Human Rights Law), the New York City Administrative Code (including its Human Rights Law), the New York Labor Law, and any other federal, state or local constitution, statute, rule, ordinance, regulation, or common law.

        b.      The above release does not waive claims (i) for unemployment or workers' compensation, (ii) for vested rights under ERISA-covered employee benefit plans as applicable on the date Gonzalez signs this Agreement, or (iii) that may arise after Plaintiff signs this Agreement. This Agreement does not preclude Gonzalez from bringing a charge to the Equal Employment Opportunity Commission, National Labor Relations Board, or similar state agency, but it does preclude Gonzalez from seeking damages as a result of such a charge or any other complaint, appeal, grievance, demand, lawsuit or action, except where such a waiver is prohibited.

7. **Acknowledgments and Affirmations**.

        a.      Gonzalez affirms that in the Action she has asserted claims seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

        b.      No Further Claims. Gonzalez and Defendants acknowledge that they have no further claims, damages, losses against each other and that any and all claims are resolved by this Settlement Agreement.

        c.      Gonzalez affirms that, through the date of her signature below, she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her.

8. **Relief For Breach Of This Agreement**. In the event of a breach of this Agreement, the parties agree that the non-breaching party shall have the right to seek all remedies available at law against the breaching party.

9. **Taxation.** Plaintiff agrees that Defendants have not provided any advice or representations regarding the taxation of the Consideration and Gonzalez agrees to obtain independent advice in that regard. Plaintiff agrees that, to the extent that any federal, state or local taxes may be or become due or payable as a result of the above payment, she shall be solely responsible for paying her share of such taxes.

10. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Gonzalez or Defendants breaches any provision of this Agreement, Gonzalez and Defendants affirm that either may institute an action

3

to specifically enforce any term or terms of this Agreement. The parties agree that this Agreement will be submitted to the Court in the Action for approval. If any provision of this Agreement is declared illegal or unenforceable by the Court, the parties agree only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof. If the General Release language in Paragraphs 2 and/or 3 is found to be illegal or unenforceable, however, Gonzalez and Defendants agree to execute binding replacement releases.

11. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

12. **Non-admission of Wrongdoing**. Plaintiff believes that this settlement is fair and reasonable, and authorizes her attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

13. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Gonzalez acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Gonzalez's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

14. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

16. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

17. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Gonzalez was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Gonzalez is competent to execute this Agreement and knowingly and voluntarily waives any and all claims she may have against Defendants and Releasees.

**GONZALEZ HAS BEEN ADVISED THAT SHE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HER COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.**

**GONZALEZ AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, GONZALEZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**MARGARITA GONZALEZ**

By: *Margarita Gonzalez* (signature)

Date: 11/4/19

**DEFENDANTS:**

**TALON AIR, LLC f/k/a TALON AIR INC.**

By: _____

Print Name _____

Title _____

Date: _____


**ADAM KATZ**

Date: _____

5